## STELLA ARMSTRONG *v.* THE STATE.*

## (*Knoxville.* September Term, 1924.)

1. **CRIMINAL LAW.** Objection that affidavit for search warrant not authenticated not reviewed, where not raised in motion for new trial.

In prosecution for illegal possession of intoxicating liquors, objection that affidavit in city court was not authenticated by that court as being one upon which search warrant issued is not reviewable, where it was admitted as genuine in the criminal court, and objection was not raised in motion for new trial. (*Post, p.* 422.)

2. **INTOXICATING LIQUORS.** Affidavit for search warrant held sufficient.

In prosecution for illegal possession of intoxicating liquor, affidavit for search warrant *held* to meet tests required by statutes and decisions. (*Post, pp.* 422-424.)

3. **INTOXICATING LIQUORS.** Search warrant issued by municipal judge, omitting in its body name of city, county, and State, held sufficient.

In prosecution for illegal possession of intoxicating liquors, search warrant issued by municipal judge giving name and street number of defendant, but omitting in its body name of city, county, or State, *held* sufficient, where such omissions were covered by heading. (*Post, pp.* 424, 425.)

Case cited and approved: Hampton v. State, 148 Tenn., 155.

4. **INTOXICATING LIQUORS.** Word "liquors" used in search warrant, held to mean intoxicating liquors.

---

*On sufficiency of warrant for search for intoxicating liquor, see notes in 3 A. L. R., 1514; 13 A. L. R., 1316, 27 A. L. R., 709.

Armstrong v. State.

Search warrant commanding·search for "liquors" *held* to be sufficient description; the word "liquor" being commonly used as meaning intoxicating liquor. (*Post, p.* 425.)

5. INTOXICATING LIQUORS. Evidence held to warrant jury in finding either unlawful receipt, possession, or transportation.

Evidence *held* to warrant conclusion that liquor found on premises must have been received, possessed, or transported unlawfully by defendant. (*Post, pp.* 425, 426.)

6. CRIMINAL LAW. In prosecution on separate counts for unlawful possession, receipt, and transportation of liquor, where difficult to determine of which count defendant was guilty, general verdict. proper.

In prosecution on separate counts for unlawful possession, receipt, and transportation of intoxicating liquor, where evidence left no doubt that defendant was guilty of one, but it was difficult to determine which, general verdict of guilty was proper. (*Post, pp.* 425, 426.)

Cases cited and approved: Hayes v. State, 145 Tenn., 631; Davis, alias Hennessy, v. State, 85 Tenn., 523; Cook v. State, 84 Tenn., 461; Crocker v. State, 148 Tenn., 106.

7. INTOXICATING LIQUORS. Married woman may be guilty of possession of intoxicating liquor found on her premises.

Married woman living with husband may be guilty of possessing liquor found on her ·premises, though husband is natural head of family. (*Post, p.* 426.)

*Headnotes 1. Criminal Law, 17 C. J., section 3349; 2. Intoxicating Liquors, 33 C. J., section 371; 3. Intoxicating Liquors, 33 C. J., section 381; 4. Intoxicating Liquors, 33 C. J., sections 13, 380; 5. Intoxicating‘ Liquors, 33 C. J., section 499; 6. Criminal Law, 16 C. J., section 2593; 7. Intoxicating Liquors 33 C. J., section 237.

---

FROM KNOX.

---

Error to the Criminal Court of Knox County.—HON. T. A. R. NELSON, Judge.

150 Tenn.—27.

FRED C. HOUK, for plaintiff in error.

WM. H. SWIGGART, JR., Assistant Attorney-General, for the State.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The plaintiff in error was indicted for a violation of our liquor laws. She was charged with the unlawful possession, unlawful receipt, and unlawful transportation, in separate counts. The jury returned a general verdict, finding her guilty and fixing her fine, upon which verdict judgment was entered by the trial court, and she has appealed in error.

The principal question made here is upon the validity of the search warrant and of the affidavit upon which the warrant was based.

These proceedings originated in the Knoxville city court, and the original papers were sent from that court to the criminal court of Knox county, and from the latter court to this court. It is objected that the affidavit relied on by the State to justify the search warrant is not authenticated in any way by the city court, and that we have no means of knowing that this paper was the affidavit upon which the search warrant rested. The affidavit, however, was admitted for what it purports to be in the criminal court, and so treated in that court, and no point was made on this action of the criminal judge, in the motion for a new trial. Consequently such an objection is not open to the plaintiff in error here.

Printed on the same paper that contained the search warrant was a form for an affidavit. The language of this form affidavit was general in terms. So it appears

from the testimony of the policeman who applied for the search warrant that he made another affidavit, which he identifies as the typewritten affidavit sent up. He says that this typewritten affidavit was made before the search warrant issued. Said affidavit is as follows:
"State of Tennessee, County of Knox:

"Personally appeared before me, Robt. P. Williams, municipal judge of the city of Knoxville, L. H. Callaway, who under oath makes the statement that he was in the house of Stella Armstrong, 614 East Jackson avenue, and smelled whisky and saw empty whisky bottles. He states that this is a noted bootlegging joint and that recently seventy-two gallons of whisky were found at this place. He also states that this morning he saw Babe Armstrong, Stella's husband, come out of the house and get in an automobile, which he followed, and that Babe Armstrong jumped out of the car with two gallons of whisky and ran away. Therefore he prays for a search warrant to search the premises of the said Stella Armstrong.

"L. H. CALLAWAY.

"Sworn and subscribed before me, December 15, 1923.
"ROBT. P. WILLIAMS,                    Municipal Judge."

Here is shown probable cause for believing whisky was unlawfully kept at the place named, and it seems obvious that this affidavit meets the tests required by our statutes and decisions, and that the city judge properly issued a search warrant thereon.

The search warrant is in these words:
"State of Tennessee, County of Knox, City of Knoxville.
"To Any Lawful Officer of Said County:

"The foregoing affidavit having been made before me that the offense of unlawfully receiving or transporting

or possessing liquors in violation of the law has been committed, and you are therefore hereby commanded to make immediate search in the house or building or premises or of Stella Armstrong at No. 614 East Jackson street, and the buildings and premises attached or appurtenant thereto, and if you find liquors concealed therein, to take charge of the same as provided by law and make due return of your actions in the premises to me.

"This 15th day of December, 1923.

"Robt. P. Williams,                    Municipal Judge."

We think this search warrant does sufficiently describe the premises to be searched and the articles to be seized, and there is nothing in *Hampton* v. *State*, 148 Tenn., 155, 252 S. W., 1007, upon which to predicate a contrary contention.

The warrant requires a search of the house or building or premises of Stella Armstrong, at No. 614 East Jackson street. True, it does not follow this description with a statement of the city, county, or State in which said premises are located. Taking the warrant as a whole, however, there can be no mistake about what city, county, or State was intended. The heading of the warrant contains the words, "State of Tennessee, County of Knox, City of Knoxville." The warrant was issued by "Robt. P. Williams, Municipal Judge " It therefore seems apparent that this process was issued by the judge of the city named, for service in the city named; the jurisdiction of this judge not extending beyond said city.

In *Hampton* v. *State*, supra, neither the affidavit nor warrant described the premises to be searched. The affidavit did not describe the thing to be searched for, but

required a search for "said articles," thus evidently referring to the affidavit for description. The count observed that the affidavit was not part of the warrant.

In the case before us the affidavit describes the premises sought to be searched as the house of Stella Armstrong at No. 614 East Jackson street, and the warrant commands a search of the "house or building or premises" of Stella Armstrong, at No. 614 East Jackson street. We think this is sufficient particularity of description.

The warrant here commands a search for "liquors" and a taking of "liquors," if found. It was held in *Hampton* v. *State* that a description of the property as "intoxicating liquors" was sufficient. We think a description of such property as liquors is equally sufficient. In common use, the word liquor is taken to mean intoxicating liquor, and there is no probability that a misunderstanding will ever arise by reason of such use of the word in a magistrate's search warrant.

It is urged that the evidence is not sufficient to sustain this conviction, but we think this proposition is not well founded. The officers who searched the house found thirteen half gallons of whisky concealed under a coal pile in the cellar of the house. As stated before, there was a general verdict of guilty upon the indictment. In *Hayes* v. *State,* 145 Tenn., 631, 237 S. W., 1104, the defendant was found guilty upon only one count of the indictment. We held, in that case, that the bare possession of liquor was not an offense under the law, but that such possession might be evidence of an offense. The liquor here was concealed under the pile of coal in the cellar, and the proof showed that liquor was being dispensed from this house. The jury were warranted, therefore,

in concluding that the liquor found had only been on the premises a short while, and that defendant must have unlawfully received, unlawfully possessed, or unlawfully transported the liquor. The evidence left no doubt but that plaintiff in error was guilty of one or the other of these offenses, but it was difficult to determine precisely of which one she was guilty. The jury therefore properly returned a general verdict. *Davis, alias Hennessy,* v. *State,* 85 Tenn., 523, 3 S. W., 348; *Cook* v. *State,* 16 Lea, (84 Tenn.), 461, 1 S. W., 254.

It is again insisted that the evidence fails to sustain the conviction, since the record shows that plaintiff in error was a married woman living with her husband, and *Crocker* v. *State,* 148 Tenn., 106, 251 S. W., 914, is invoked. In that case it was held that, where there was nothing in the evidence which showed that defendant, rather than her husband, owned or stored whisky found by an officer on the premises, such proof was insufficient to sustain a conviction of the wife, the husband being the head of the family.

We think the case before us is different. The proof here shows that this house was the property of defendant, the wife. This appears in the record several times. When the defendant, the wife, was arrested, she was asked if she had any more whisky, and she told the officer that they had taken "all she had."

The proof showing that this house belonged to defendant, was commonly known as her property, and that she referred to the liquor as her own property, the case of *Crocker* v. *State* is not controlling.

Some other matters are presented which it is not necessary to discuss. We find no error upon the record, and the judgment below must be affirmed.