LEA *v.* STATE.

(*Nashville,* December Term, 1944.)

Opinion filed January 6, 1945.

W. B. WILLIAMS, of Lebanon, for defendant-plaintiff in error.

ERNEST F. SMITH, Assistant Attorney-General, for the State.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The defendant and her husband were convicted of the unlawful possession of liquor and she alone has appealed

in error to this Court. Her case must be reversed on authority of *Lea* v. *State*, 181 Tenn. 378, 181 S. W. (2d) 351.

The facts in the two cases are almost identical. The defendant is a married woman and lived with her husband in a house rented near Lebanon. Acting under a search warrant officers entered the premises. They searched the house and found nothing. They then searched the garden immediately adjacent to the house and about 20 feet distant found a quantity of liquor concealed in a hole. The only difference between this and the previous *Lea Case* is that the officers found the liquor in the house in the former case instead of outside the house. The premises there were rented and occupied by the couple as here.

In the former case the conviction of the husband was sustained but the conviction of the wife was set aside, it being said that the possession would be referred to the husband under such facts and not to the wife. This was upon authority of *Crocker* v. *State,* 148 Tenn. 106, 251 S. W. 914.

The State refers to *Morton* v. *State,* 141 Tenn. 357, 209 S. W. 644, and *Johnson* v. *State,* 152 Tenn. 184, 274 S. W. 12, as sustaining its argument for affirmance of the judgment below. These cases are not in point. In the *Morton Case* the husband and wife were jointly transporting a quantity of intoxicating liquor in an automobile in violation of law. She was not required to go with him on the trip, knew of the presence of the liquor in the car, and both were found guilty. In the *Johnson Case* the wife undertook to conceal the liquor and struggled with an officer to keep him from seizing it.

In the case before us, as in the previous *Lea Case*, there is nothing to indicate that this woman exercised any

act of possession with respect to the liquor. The mere circumstance that a bootlegger's wife continues to live with him and does not report him is scarcely sufficient to make her criminally responsible for his acts.

Reversed.