LEDBETTER *et ux. v.* STATE.

(*Nashville*, December Term, 1947.)

Opinion filed January 16, 1948.

HILLARD M. ROBERTS, of Livingston, for plaintiffs in error.

J. MALCOLM SHULL, Assistant Attorney General, for the State.

MR. JUSTICE GAILOR delivered the opinion of the Court.

Defendants, Ernest Ledbetter and Easter Ledbetter, who are husband and wife, appeal from conviction and punishment for the unlawful possession of intoxicating liquor.

The material and undisputed facts are these: On March 5, 1947, Easter Ledbetter, the wife, went to the office of the Sheriff of Overton County and reported to that official that her husband had been shot and carried off toward Cookeville in a truck. The Sheriff and two of his deputies, with Easter Ledbetter, went in the Sheriff's automobile to make an investigation. They found that Ernest Ledbetter was in the hospital at Cookeville. The Sheriff interviewed him there and was told by him that he had been shot by his wife and wanted her arrested and punished for the offense. Easter Ledbetter, who was already in custody, was formally arrested and placed in jail. A search of her person discovered a key to the home where she and her husband lived. Some hours after the arrest, either on that day or on the day after, the Sheriff and his deputies went first to the scene of the shooting where they found some empty pistol cartridges, and then went to the Ledbetter home where, using the key they had taken from Mrs. Ledbetter, they searched the premises. This search disclosed 31 pints of whisky concealed in the sofa in the living room of the home. It was on evidence from the Sheriff and his two deputies of the finding of the whisky, that the present conviction was obtained.

Neither of the Defendants testified in his own behalf and no proof was introduced for the defense. Objection to

the evidence procured by the search of the house was properly made at the time of its proposed introduction at the trial, and that objection has been preserved in motion for new trial and on this appeal.

Clearly, there is absolutely no direct evidence of actual ownership or possession of the liquor by either Defendant. The only basis upon which the conviction can rest is the rule that the husband, as master of the house and head of the family, is presumed to be the owner and possessor of the liquor. *Crocker* v. *State*, 148 Tenn. 106, 108, 251 S. W. 914; *Lea* v. *State*, 181 Tenn. 378, 181 S. W. (2d) 251; *Lea* v. *State*, 182 Tenn. 45, 184 S. W. (2d) 162. If this presumption be used to attribute ownership and possession to the husband (*Lea* v. *State*, 182 Tenn. 45, 184 S. W. (2d) 162), obviously there is no evidence to support a conviction of the wife.

On the other hand, the only reason given by the officers to support the search of the home, was that it was made as an incident of the lawful arrest of the wife for shooting the husband. ·The latter was in the hospital at the time of the search. Obviously the search, as against the rights of the husband, could not be supported as an effort to find the weapon with which an assault had been committed on him, nor as an incident of his arrest. The absurdity of the result shows how far the rule, which justifies searches without warrant after lawful arrest, has been stretched in its application here.

The wife was lawfully arrested for assault and as an incident of that arrest, her person was lawfully searched and the key discovered, but there was no emergency of resistance, escape or discovery of evidence, which necessitated the use of the key and the search of the house without the formality of a warrant. The rule stated in *Harris* v. *United States*, 10 Cir., 151 F. (2d) 837, 169 A.

L. R. 1413, upon which the State relies in its brief, is not applicable here. In that case the search was made under the following circumstances:

"Admittedly the officers had no search warrant describing the premises searched or the articles seized, and the only asserted authority for the search and seizure was as an incident to and contemporaneously with appellant's lawful arrest within the premises searched." 151 F. (2d) at page 838, 169 A. L. R. at page 1415.

 In the present case, Ledbetter was not lawfully arrested within the premises searched and the search cannot be justified as an incident of the lawful arrest of Ledbetter. If Ledbetter had been arrested and jailed for assault, and some hours later his home had been searched for a weapon with which the assault had been committed, and that search had disclosed evidence of another and separate offense, we doubt that the search of the house would be closely enough related to the arrest to be considered an incident of that, or to have been justified without a warrant. However, that is not the case here. The constitutional right to freedom from unlawful and unreasonable searches inures to the husband as head of the family. His only connection with the seized liquor is based on a presumption that as such head of the family, he owned the liquor. To say that he should lose that constitutional right, not by any offense of which he was accused, but on account of the offense of another committed on himself, is clearly a fallacy.

The State agrees that the conviction of Easter Ledbetter must be reversed for lack of evidence, and we find that conviction of Ernest Ledbetter must be reversed for the admission of evidence illegally obtained.

Reversed and remanded.

All concur.