Evans *v.* State.

(*Nashville*, December Term, 1948.)

Opinion filed January 17, 1949.

JOHN M. DAVIS and J. B. REAGAN, both of Jamestown, for plaintiff in error.

· J. MALCOLM SHULL, Assistant Attorney-General, for the State.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This appeal is from a conviction for the unlawful possession of whisky and punishment fixed at a fine of $250.

Officers of Pickett County, armed with a search warrant, searched the premises of the defendant, in his absence, and found some whisky in a box under some bales of hay in the barn. The return on the search warrant, which was introduced in evidence, shows that they found 21 pints and 36 one-half pints of assorted brands of whisky. They also found part of a pint of corn whisky in some fodder in the barn.

▮ Objection was made as to the manner of the issuance of the search warrant. It seems that several search warrants were written at the same time. Deputy Sheriff Dowdy signed the warrant in question but his name was crossed out, and it was signed by Sheriff Cummings, whose name had been inserted in the top of the affidavit. It appears that in signing a number of search warrants, Deputy Sheriff Dowdy inadvertently signed this one which was prepared for the signature of Sheriff Cummings, but the error was noted and the correction made before the search warrants were issued by the justice of

the peace. Objection was further made that the description in the search warrant was insufficient.

The officers were directed to search the building on the premises of Edd Evans (and his person) "located in 1st Civil District ——— County, Tennessee, and described as follows: Being a certain dwelling and all outhouses, bound on North by Bilbrey and Koger, on South by County Road, on East by State Highway No. 28, on West by Hicks and Koger."

We think this description was sufficient. *O'Brien* v. *State*, 158 Tenn. 400, 14 S. W. (2d) 51.

Taking the warrant as a whole, we think there can be no mistake about what county was intended. *Armstrong* v. *State*, 150 Tenn. 416, 265 S. W. 672; *Bragg* v. *State*, 155 Tenn. 20, 290 S. W. 1.

A reversal is also sought on the ground that the evidence preponderates in favor of the innocence of defendant.

The defendant did not testify in his own behalf; but his son, 21 years of age, married and lives in Kentucky, testified that he was living with his father at the time of the search; that on an unspecified date he purchased 48 pints of whisky from an unnamed person and hid it and the corn whisky in the barn without his father's knowledge; that from time to time he and his friends got some of the whisky and drank it; that he did not know how much they had consumed. It also appears from the proof that this box of whisky found contained assorted brands.

We think it was a question for the jury to determine to whom the whisky belonged. It was found in the barn of defendant. This created a presumption that the whisky was his. The jury had a right to accept or reject

the testimony of the son. In other words, the credibility of the son's testimony was a matter for the jury.

In *Crocker* v. *State*, 148 Tenn. 106, 251 S. W. 914, it was held that ownership of land on which whisky was found raised a presumption that the owner of the land was the owner of the whisky, and that this presumption supports a conviction of unlawful possession, if no credible evidence is introduced to rebut it.

In the present case the son took the stand to meet this presumption, but his testimony was subjected to much criticism on account of the fact that he was an interested party; that he was a resident of the State of Kentucky; that he had never before seen the person from whom he bought the case of whisky; that this case of whisky was of assorted brands; and there were other improbabilities that warranted the jury in disbelieving his testimony and convicting the father of the offense.

In *Carter* v. *Kelsey Wheel Co.*, 168 Tenn. 262, 264, 77 S. W. (2d) 449, the Court, speaking through Mr. Justice McKinney, said: "The determination of a fact is arrived at from all of the testimony and surrounding circumstances, and no rule of evidence, of which we are aware, requires the court to arbitrarily accept the testimony of an interested witness, although not directly impeached, when from a consideration of all the evidence a different conclusion is reached from that testified to by such witness."

■ Where intoxicating liquor is found, as in the present case, this does not create a bare or naked presumption raised as a matter of expediency for procedural purposes, but a presumption as a matter of logic that is properly drawable from other facts and surrounding circumstances. It is a presumption that logically attends fun-

damental facts that are characteristic of human nature. *Southern Motors, Inc.,* v. *Morton,* 25 Tenn. App. 204, 154 S. W. (2d) 801.

All assignments of error are overruled and the judgment of the lower court is affirmed.

All concur.