ROBERTSON *v.* STATE.

(*Jackson,* April Term, 1949.)

Opinion filed June 10, 1949.

472

BOYETTE DENTON, Bolivar, for plaintiff in error.

J. MALCOLM SHULL, Asst. Atty. Gen., for the State.

*MR. SPECIAL JUSTICE ALBERT WILLIAMS delivered the opinion of the Court.

Bessie Robertson was indicted along with her son, Rebel, for having in her possession beer intended for

---

*Sitting for Chief Justice Neil.

unlawful sale. She alone was convicted. Her punishment was fixed at a fine of $250 and a suspended jail sentence of thirty days. The case is here by appeal in error supported by assignments which challenge the sufficiency of the evidence and the validity of the search by which evidence was obtained.

■ There is ample evidence that plaintiff in error possessed beer and for the purpose of sale. It consisted of twenty-seven cases less a few bottles and was found in a storehouse in which the plaintiff in error occupied rooms as a dwelling place. She testified that she bought it to give to her son in event he should obtain a license for which he had applied and intended to give it back to the agent from whom she bought it if her son was not able to procure the license. Several bottles were missing, however, and officers who made a search of the premises testified that they found glasses which smelled of beer and that two of the cases of beer were on ice. The story of plaintiff in error that she was merely holding the beer against the time when her son might be authorized to sell it, did not explain why it had to be immediately refrigerated. It appears that another son of plaintiff in error, in association with a man named Sweat, had operated a beer business at this place until his permit had been revoked some months before.

It is insisted by plaintiff in error that the search warrant under which the officers obtained evidence of her possession of beer was invalid, first, because it inadequately described the place to be searched and the property to be searched for and did not name the persons who were afterwards arrested; second, that it was issued upon an affidavit justifying only the search for "intoxicating liquor" and not beer; third, that statutory grounds

for the issuance of the search warrant did not exist, fourth, that it authorized the search of the premises of ''Sweat and Robertson'' and not the room occupied by plaintiff in error; fifth; that the affidavit upon which the search warrant was based did not accurately describe the location of the premises to be searched; and sixth, that the grounds set forth in the affidavit applying for the search warrant were those of a printed form, none of which was checked or deleted so that the affidavit would show which one was relied on.

■■ None of the objections is sound. It was not necessary that the affidavit contain the names of the particular persons who happened to be in possession of the premises when the search was made. *Seals* v. *State*, 157 Tenn. 538, 11 S. W. (2d) 879. The place to be searched was described both by naming the owners of the adjacent property and giving the names of those who had recently owned the property. This was enough to identify it.

■ The property to be searched for was described as ''intoxicating liquor,'' which is a sufficient description. *Armstrong v. State,* 150 Tenn. 416, 265 S. W. 672; *Hampton* v. *State*, 148 Tenn. 155, 252 S. W. 1007.

■ Much is made of the fact that the search was for ''intoxicating liquor'' rather than beer. The distinction between beer and intoxicating liquors (*Lea* v. *State,* 181 Tenn. 378, 181 S. W. (2d) 351) is, for the decision of this case, immaterial. It was beer that was found, and it was found by officers who, because of the search warrant, were lawfully upon the premises and lawfully engaged in their directed undertaking, even though it may be conceded *arguendo* that they were directed to search for something that they did not find. The rule

that general searches are unwarranted does not prevent the executing officer, having a search warrant describing property and being lawfully on the premises, from seizing other property that he discovers being used in the commission of crime, for after a lawful entry on the premises through a search warrant, the question of whether or not an officer can make an added seizure depends upon its reasonableness. *Elliott* v. *State*, 173 Tenn. 203, 116 S. W. (2d) 1009; *United States* v. *Charles, D. C.,* 8 F. (2d) 302; *Marron* v. *United States*, 9 Cir., 8 F. (2d) 251; 56 C. J., Search and Seizures, par. 164.

■ One of the grounds for the issuance of the search warrant was that the property searched for was held by someone intending to use it as a means of committing a public offense, so the contention that there was no statutory ground for the issuance of the search warrant is without merit.

■ It is said that the search warrant authorized the search of the premises of Sweat and Robertson only and not the room occupied by plaintiff in error. It is shown in the evidence that the room claimed by her as her living quarters was a part of the premises ordered to be searched, so this insistence is untenable. Neither was it necessary for the search warrant to set forth the fact that a part of the premises was occupied by plaintiff in error. Search of the whole building was authorized. *Peters* v. *State*, Tenn. Sup., 215 S. W. (2d) 822.

■ Concerning the complaint that the grounds for the issuance of the search warrant were contained on a printed form and embraced four separate specifications, no one of which was checked or deleted, it is enough to say that with none of the reasons marked out, the form

used would have to be interpreted as meaning that each of them was charged. It so reads.

For these reasons the assignments of error are without virtue and the judgment of the trial court is affirmed.

All concur.