Evans *et al. v.* State.

(*Knoxville,* September Term, 1953.)

Opinion filed July 23, 1954.

THOMAS E. MITCHELL, of Johnson City, H. DENNIS ERWIN, of Erwin, for plaintiffs in error.

NAT TIPTON, Assistant Attorney General, for the State.

Mr. Justice Swepston delivered the opinion of the Court.

Plaintiffs in error were indicted, tried and convicted for the unlawful possession of intoxicating liquors with punishment fixed by the jury at a fine of $200 and 60-day jail sentences.

Indicted at the same time was one Bill Reese, who with the other two plaintiffs in error, was tried on a two-count indictment; one, possessing whisky for the purpose of sale, and two, possessing whisky. Reese was acquitted while the plaintiffs in error were convicted under the first count.

The error assigned on appeal is that there is no evidence that plaintiffs in error were in possession of intoxicating liquors, or that they exercised any control over the same.

It appears that on the date of the arrest the premises, a filling station, was owned by Reese but he was not present when the officers searched the place, but he was arrested later solely because he appeared to be the owner of the premises.

The filling station building has three rooms and a grease-rack and washroom. There is a shed in the front of the building over the pumps, and a door leads from there into the front room, and then from the front room a door leads into another room where the whisky was found. There were 77 pints and 62 half-pints of whisky. As the officers approached the place there were six or

seven people standing around the front, who disappeared when the officers started to enter the front room. The officers testified that before they entered the front room Mr. Evans had started out to the front, and then suddenly turned around and went back into the front room and through a door going into the room where the liquor was found, which door he slammed and it automatically locked; that Mr. Evans disappeared from the scene. They then entered the front room and, seeing Mrs. Evans behind the counter, they asked her who was in charge of the business; she replied that she was behind the counter. They read the warrant to her and searched the place and found this quantity of liquor in the adjoining room.

One of the plaintiffs in error testified that when the officers entered the front room there was some young man not identified in the room but he made no response to the officers' questions as to who was in charge.

The insistence on appeal is that there is nothing to indicate that the plaintiffs in error were in physical occupation of the premises, and that since Reese was the owner of the property, the presumption should be applied as in *Crocker* v. *State,* 148 Tenn. 106, 251 S. W. 914, and *Evans* v. *State,* 188 Tenn. 58, 216 S. W. (2d) 724; that the ownership of land on which whisky is found raises a presumption that the owner of the land is the owner of the whisky, and that this presumption supports a conviction of unlawful possession, if no credible evidence is introduced to rebut it.

Be that as it may, there was no evidence to connect Reese with the operation of the premises, whereas there was evidence to connect both Mr. and Mrs. Evans with it. We refer to the action of Mr. Evans in retreating back through the building and disappearing from the

scene altogether, coupled with the easy access that he appears to have had to the room where the liquor was found; and Mrs. Evans being behind the counter and answering the officers' question as to who was in charge, to the effect that she was behind the counter.

Again, it is said that because of this presumption, a wife cannot be convicted of possessing whisky found on the premises occupied by husband and wife, since the husband as master of the house and head of the family is presumed to be the owner and possessor of the intoxicants, citing *Lea* v. *State*, 181 Tenn. 378, 181 S. W. (2d) 351; *Lea* v. *State,* 182 Tenn. 45, 184 S. W. (2d) 162.

■■ The State suggests, and we think properly so, that this presumption between husband and wife has never been applied to a business establishment operated by both parties jointly. We are of opinion that the jury was warranted under the evidence in this case, of finding that such was the situation here, joint operation by both Mr. and Mrs. Evans.

The assignment is overruled and the judgment of the Trial Court affirmed with costs.