**William Wiley JONES and Bobby Lee Weatherford, alias, James Robert Woods, Plaintiffs-in-Error,**

v.

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

March 19, 1975.

 

Landis Turner, Hohenwald, W. Gary Blackburn, Nashville (on appeal), for plaintiffs-in-error.

R. A. Ashley, Jr., Atty. Gen., William J. Haynes, Jr., Asst. Atty. Gen., Nashville, Tommy Doyle, Sp. Prosecutor, Linden, Elmer D. Davies, Jr., Dist. Atty. Gen., Franklin, for defendant-in-error.

## OPINION

O'BRIEN, Judge.

Appeal from a jury conviction for burglary in the third degree and sentence to serve not less than six nor more than ten years in the State Penitentiary.

By the first assignment of error defendants contend the trial court should not have allowed testimony regarding charges allegedly pending against them for unrelated crimes, including crimes with which defendant Weatherford was not in fact charged, to be presented to the jury.

Defendant's brief particularly refers to testimony of a Tennessee Bureau of Identification agent, Richard Wright, who related he was called into the case to assist in verifying the identification of defendants. At this point in the investigation, Jones had produced a fraudulent driver's license and Weatherford, who had no identification on his person, had given the officers the name, James Robert Woods. The investigation of Jones disclosed that he was a prison escapee from Alabama, and also was wanted by the Tennessee Office of the United States Secret Service. Objection to the admission of this evidence was made on behalf of the defendant. The State sought admission of the testimony on the basis that it was related to the search of the automobile. The Court allowed the testimony to stand because the witness had testified this information was obtained in the course of his efforts to identify the defendants. Jones was wanted on a Federal warrant for possession of counterfeit money. Information obtained from the National Crime Information Center disclosed he would probably be in the company of an individual named Bobby Lee Weatherford. Investigation disclosed that Weatherford and Woods was one and the same person, also wanted as an escapee from Alabama, and on additional Federal charge relating to counterfeit money. This testimony was also objected to on behalf of defendants

and was admitted for the purpose of identification.

The admission of this evidence was error.

■ No objection can be raised to admitting proof of independent crimes when such proof is necessary to establish identity. Harris v. State, 189 Tenn. 635, 227 S.W.2d 8, however such admission must not be for the purpose of establishing general identity, but only to establish the identity of the accused as the person who committed the offense under investigation. In Am.Jur.2d, Evidence, Section 322, the rule is stated in these words:

"The general rule that evidence of separate and independent crimes is inadmissible to prove the guilt of a person upon trial for a criminal offense is subject to a well-defined exception with respect to the proof of the identity of the accused. In general, evidence of the commission of other crimes is admissible where the sole purpose of such evidence is to establish identity and the evidence is relevant to that issue, and it is not rendered inadmissible by the fact that it tends to show that the accused is guilty of other crimes for which he is not on trial. However, evidence of the commission of another crime is not properly admitted simply for the purpose of identifying the accused unless it is absolutely necessary to establish identification as an element of the crime. Generally speaking, it is only where the identity of the accused is not definitely connected with the offense on trial that other offenses may be introduced to connect and identify him with the case on trial. If the identity of the accused is established by other evidence and is therefore no longer an issue, it is improper to admit evidence of other crimes on the theory of proving identity. It is necessary also, for such evidence to be admissible, that there be such a logical connection between the crimes that proof of one will naturally tend to show

that the accused is the person who committed the other."

■ The identity of the defendants in this case had been accomplished. They were found in possession of the fruits of the burglary. Their identity was positively fixed in connection with the offense on trial. Their identification as escapees from another jurisdiction, or alleged counterfeiters was wholly immaterial, and bore no relevancy to the offense on trial. See Mays v. State, 145 Tenn. 118, p. 141, 238 S.W. 1096; Woodruff v. State, 164 Tenn. 530, 51 S.W.2d 843; Warren v. State, 178 Tenn. 157, 156 S.W.2d 416.

Defendants say it was error to admit evidence linking them to an alleged burglary for which they were not on trial.

■ Various witnesses testified in regard to the contents of the trunk of the automobile in which defendants were travelling when they were arrested. This evidence included fruits of the burglary from the Linden Drug Store, for which defendants were on trial, as well as articles stolen in a burglary in Lexington, Tennessee. Other witnesses testified that the Family Drug Store in Lexington had been broken into a day or two prior to the Linden Drug Store burglary. They identified some of the items found in the automobile as articles taken in that burglary. The admission of this evidence did not fall into one of the recognized exceptions to the rule regarding the admission of evidence of other crimes. The only relationship which was established was the dates of the burglaries of drug stores in different towns. One burglary was accomplished by tearing a hole in the roof of the store. The other was managed by breaking in the back door. There is no other similarity to show a common scheme or design, nor was either related to the other in any manner in which the proof of one would tend to establish the other. Harris v. State, supra. This assignment must also be sustained.

It is said the trial court erred in permitting the district attorney general to cross-examine defendant Jones about offenses with which defendant had been charged but not convicted.

■ We think the attorney general exceeded the bounds set in Posley v. State, 199 Tenn. 608, 288 S.W.2d 455, however, the cross-examination was made without objection on the part of defendants, and cannot properly be considered here. See Ayers v. State, 3 Tenn.Cr.App. 456, 463 S. W.2d 155; Bryant v. State, Tenn.Cr.App., 503 S.W.2d 955. We mention the matter in order to avoid the same error on retrial.

Defendants say it was error to admit evidence obtained under the search warrant because the warrant did not particularly and specifically describe the things to be seized. Although cases from several other jurisdictions are brought to our attention defendants cite no Tennessee authority for this contention. The complained of portion of the search warrant reads as follows:

". . . . . certain controlled substances, to wit: marihuana, phenobarbital, LSD, heroin, etc., and controlled substances paraphernalia, and possibly other items stolen or otherwise unlawfully in the possession of said Jones and Woods, a better description of which is unknown to the affiant at this time."

■ The assignment must be overruled. This issue was discussed in Armstrong v. State, 150 Tenn. 416, 265 S.W. 672, and was well resolved in Lea et ux. v. State, 181 Tenn. 378, 181 S.W.2d 351, in which it was said:

"The annotation in 3 A.L.R., at p. 1519, calls attention to important distinctions applicable here, where we are considering the sufficiency of the description in the affidavit and warrant. It emphasized the distinction, in the first place, between the degree of accuracy required in describing the *place* to be searched, and that required in describing the *property* to be searched for. It is said that the place to be searched should 'be designated with sufficient accuracy to prevent the officer from searching the premises of one person under a warrant directed against those of another, while the description of the property to be seized will vary according to whether the *identity* of the property, or its *character,* is the matter of concern.' (Italics supplied.) The note proceeds to quote: 'Thus, where the purpose of the search is to find specific property, it should be so particularly described as to preclude the possibility of seizing any other. On the other hand, if the purpose be to seize not specified property, but any property of a specified character which, by reason of its character, and of the place where and the circumstances under which it may be found, if found at all, would be illicit, a description, save as to such character, place and circumstances, would be unnecessary, and ordinarily impossible.' State v. Nejin, 140 La. 793, 799, 74 So. 103 (1917).

The Annotator, in 74 A.L.R., at p. 1513, after reviewing and quoting from numerous decisions, says that, 'A general description of the things to be seized as intoxicating liquor is sufficient, it being unnecessary (sic) for the affiant to guess at the various kinds of intoxicating liquor, their quantity, or the character of the apparatus used in their manufacture,' etc., and again notes the necessity for greater accuracy in designation of a specific thing to be searched for. So it is said in 30 Am.Jur. 537, 'The accuracy required in describing the premises is not requisite in describing the liquor.'"

■■ The affidavit and search warrant in this case set out that defendants were in possession of "certain controlled substances", .......... "stolen or otherwise unlawfully in the possession" ........

There is no doubt that the issuing judge in this case had probable cause to grant the warrant. Lea v. State, supra. Anderson v. State, Tenn.Cr.App., 512 S. W.2d 665. The rule that general searches are unwarranted does not prevent the executing officer, having a search warrant describing property and being lawfully on the premises, from seizing other property he discovers being used in the commission of crime, for after a lawful entry on the premises through a search warrant, the question of whether or not an officer can make an added seizure depends upon its reasonableness. Robertson v. State, 188 Tenn. 471, 221 S.W.2d 520.

The matter of the trial judge declining to permit testimony of a defense witness is foreclosed by our action in this case. The witness had been present at trial. She absented herself from the Court Room during presentation of defendant's proof, and returned during defense counsel's argument. The court refused to reopen the proof. A repetition of this occurrence can be avoided by defendants at another trial.

The case is reversed and remanded.

WALKER, P. J., and OLIVER, J., concur.