STATE of Tennessee, Appellee,

v.

Ronald Commer McCOLGAN, Appellant.

Court of Criminal Appeals of Tennessee,
at Jackson.

Dec. 10, 1981.

On Petition for Rehearing Dec. 31, 1981.

Permission to Appeal Denied by
Supreme Court March 15, 1982.

William M. Leech, Jr., Atty. Gen., Jerry L. Smith, Asst. Atty. Gen., Nashville, Billy C. Blow, Asst. Dist. Atty. Gen., Huntingdon, for appellee.

William A. Derington, Jr., Camden, for appellant.

## OPINION

WALKER, Presiding Judge.

In three cases tried together, the appellant, Ronald Commer McColgan, was convicted of (1) possession of marijuana, and sentenced to pay a fine of $1000; (2) concealing stolen property over the value of $200, the property of Elbert Hatley, and sentenced to three to five years; and (3) concealing stolen property over the value of $200, the property of Rick Mullins, and sentenced to three to five years in the penitentiary, concurrent with his other sentence.

In the first case the appellant was jointly indicted with Vernon Wayne Barrett, Donald Eugene Rich, James Henry Siglow, and Alice Ann Dobra for possession of marijuana with intent to sell. In the second and third case, he was jointly indicted with the same codefendants except Ms. Dobra for

grand larceny, receiving stolen property and concealing stolen property over the value of $200. The cases were severed as to Barrett and abated by death as to Rich. The trial judge found no evidence of the receipt of any of the property from a third person and granted the appellant's motion for acquittal as to those counts. The jury found Siglow and Dobra not guilty of all charges. Thus McColgan is the only defendant before us.

On his appeal McColgan raises 16 issues which we group as I, challenges to the searches of the premises; II, challenges to the procedure in the trial of the cases; III, challenges to the sufficiency of the evidence; and IV, challenge to the denial of probation.

For reasons hereafter given, we agree with the appellant's challenge to the sufficiency of the evidence in the third case and reverse and dismiss it. We find no reversible error as to the other issues and affirm the first and second convictions.

As a result of information received from a reliable informant, Benton County Sheriff Bobby Shannon obtained a search warrant at 7:30 p. m., July 13, 1979, to search certain premises about seven miles from Big Sandy for marijuana and marijuana paraphernalia. The warrant listed three buildings to be searched: a house, an old grocery store and a fenced enclosure known as "The Fort." Barrett was listed as the possessor of the property.

With a number of officers, Sheriff Shannon went to the described premises at 7:00 a. m., July 14, to execute the search warrant. TBI Agent Carpenter and Trooper Hendrix went to the front door while Sheriff Shannon with the warrant in his possession went to the back door. The officers at the front door knocked and announced their purpose before entering; Sheriff Shannon opened a screen door and entered from the rear without announcing. Carpenter and Hendrix were inside at the appellant's bedroom when the sheriff arrived from the back of the house. The appellant and his wife and their baby were in bed when the officers arrived. Sheriff Shannon read the warrant to the appellant and had him dress. He also gave the appellant a copy of the warrant.

Mr. Rich was also in the house and Mr. Siglow and Ms. Dobra were in another bedroom. The officers collected a number of guns and unloaded them.

In the course of the search, the officers found a quantity of marijuana. Based on the informant's report, the sheriff had reason to believe that stolen goods were also on the premises and he brought with him a list of stolen property in the event he saw some.

In the execution of the original search warrant, the officers found a garden tiller in the back yard which they believed had been stolen. They also found in the house and in "The Fort" a stereo component system and a television set. The sheriff used his list to identify the garden tiller and the television set as stolen goods.

During that morning the sheriff left the premises and obtained two more search warrants, one authorizing the search of an abandoned car for marijuana and the other to search the house for certain stolen property. These warrants specified that the property was owned by Barrett and occupied by McColgan. In the trunk of the car, officers found marijuana, a chain saw and a trolling motor. The sheriff called Elbert Hatley to the scene and Hatley identified much of the property, including the chain saw, trolling motor and garden tiller as belonging to him. While the searches were conducted, the appellant and other occupants of the house were taken outside and either placed in one of the officer's cars or allowed to stand nearby. The search was completed about 2:00 p. m.

At trial Hatley identified his property and testified that it was stolen in January, 1979. Mullins testified that his television and stereo system were taken in April, 1979.

McColgan did not testify at the suppression hearing. At trial he and his wife testified that they knew nothing about any marijuana being on the premises, that the house

was almost fully furnished when they moved in and that McColgan did not buy or conceal any of the items found there. He said that he had never examined the abandoned car and knew nothing about the property found in its trunk. By their testimony they did not know that there was marijuana or stolen property there. Mrs. McColgan said that they did not rent "The Fort."

## I—The Searches

Following the motion to suppress, the trial judge filed a well reasoned memorandum overruling the motion. We hold that he correctly held the evidence admissible.

The appellant argues that the original search warrant did not properly describe the premises and therefore his motion to suppress was good. He contends that there are two basic flaws in the warrant: (1) It stated that the premises were owned and occupied by Vernon Wayne Barrett; and (2) that it covered multiple premises and is therefore invalid.

■ The fact that the warrant stated that Barrett owned and occupied the premises does not make the warrant invalid. The test of the description of premises to be searched is whether or not it will enable an officer to locate the place to be searched and thus prevent the officer from searching the wrong premises. *Hatchett v. State*, 208 Tenn. 399, 346 S.W.2d 258 (Tenn.1961); *Squires v. State*, 525 S.W.2d 686 (Tenn.Cr. App.1975).

The fact that the wrong occupier is named in the warrant does not change the premises to be searched. This warrant describes the location of the property and the three structures on it. The officers had no discretion to search any other premises and in fact searched the correct premises.

■ The fact that the warrant named three specific structures to be searched does not mean that it authorized the search of "multiple premises." The appellant's reliance on *State v. Bass*, 153 Tenn. 162, 281 S.W. 936 (1925), and *Worden v. State*, 197 Tenn. 340, 273 S.W.2d 139 (1954), is misplaced.

In *Bass* the warrant found defective authorized the search of premises on which there were three structures, but did not specify which or any of the three structures were to be searched. In *Worden* the warrant authorized the search of premises at a certain street address. At that address there was a restaurant on the first floor and a hotel on the second floor with a lobby and 12 or 15 rooms. That warrant was insufficient because it authorized the search of multiple premises.

In the case before us, the warrant specified the three structures on the premises the officers were authorized to search: (1) an old grocery store; (2) a fenced enclosure known as "The Fort," and (3) a dwelling house with wood siding. The warrant sufficiently described the premises and there was no cause to suppress the evidence for this reason.

The appellant complains that the search was invalid because the officers failed to "knock and announce" before entering the premises.

■ At the front door, TBI Agent Carpenter and Trooper Hendrix knocked and announced their purpose and waited before entering. Carpenter testified that either he entered first or that he and Sheriff Shannon entered at approximately the same time. The sheriff thought he entered first, but actually neither he nor the other officers could see who entered first. After knocking and announcing, Carpenter and Hendrix were already inside and at the appellant's bedroom when the sheriff approached from the back of the house. From this record it appears that Carpenter and Hendrix either entered first or at the same time as the sheriff. It was not necessary for either of them to have actual possession of the warrant to give proper notice of their authority and purpose. This issue is meritless.

The appellant attacks the seizure of stolen goods when the original warrant specified only marijuana and related paraphernalia. He points out that the sheriff took with him a list of stolen property.

In *Jones v. State*, 523 S.W.2d 942, 946 (Tenn.Cr.App.1975), we said:

"The rule that general searches are unwarranted does not prevent the executing officer, having a search warrant describing property and being lawfully on the premises, from seizing other property he discovers being used in the commission of crime, for after a lawful entry on the premises through a search warrant, the question of whether or not an officer can make an added seizure depends upon its reasonableness."

At least some of the items seized were in plain view. On finding that property, the sheriff obtained two more search warrants to search for stolen property.

In *State v. Pepe*, 176 Conn. 75, 405 A.2d 51 (1978), officers had a warrant to search an apartment for narcotics. Before issuing it they received a tip that there might be stolen goods at the apartment. They seized the goods and took them to police headquarters to be matched against serial numbers for the reported stolen articles. The court said:

"The police need not be caught completely by surprise for a discovery to be inadvertent, so long as they did not anticipate the discovery or know in advance the location of the evidence and intend to seize it. (citations omitted) The fact that the police were aware of the *possibility* that they might find stolen goods is nevertheless significant: it provided them with reason to believe that the items they discovered in the attic were indeed contraband and thus justified their seizure under the plain view doctrine." 405 A.2d at 53–54

In *State v. Turner*, 210 Kan. 836, 504 P.2d 168 (1972), an officer had a warrant to search for certain items. He apparently had with him the case files from other burglaries and serial numbers of stolen items from other burglaries. When he saw a stereo matching the description of one he knew to have been stolen, he immediately looked at his case file on that burglary and found the serial numbers matched and thereupon seized the stereo. The court held that:

"In the instant case there is no relationship between the stereo and the property described in the warrant. This distinction, in our judgment, does not invalidate the seizure of the stereo." 504 P.2d at 170

■ We find no problem with the sheriff bringing his case files with him and hold that the stolen goods were lawfully seized. This was not a general exploratory search.

■ We likewise find no error in the sheriff inviting a victim of the crimes, Mr. Hatley, to come on the property and identify his stolen goods. The appellant cites no authority on this issue. In *People v. Superior Court of Marin County*, 25 Cal.3d 67, 157 Cal.Rptr. 716, 598 P.2d 877 (Cal.1979), the California Supreme Court held that victims of a burglary may accompany police in the execution of a valid search warrant to identify their property.

## II—Procedure in trial

■ The appellant says that reversible error was committed when the state failed to supply him with exculpatory evidence before trial showing that his fingerprints were not found on the abandoned automobile and that the car was registered to a woman in Alabama. These matters were brought out to the jury during the trial. If this be error, which we do not hold, it was harmless.

■ The appellant says that the conduct of the bailiff in winking at a juror prejudiced him. When counsel raised this question, the court instructed the bailiff to keep a poker face and offered to poll the jury about it, but defense counsel said there was no need to do so. Counsel said that if the bailiff did as he was told there would be no more objections. This issue is overruled.

■ The appellant complains that an assistant district attorney general asked a witness if the premises had been raided before and also referred to a previous raid in argument. The trial judge gave prompt curative instructions to the jury to disre-

gard these references. This issue is meritless. *Bennett v. State*, 530 S.W.2d 788 (Tenn.Cr.App.1975).

The appellant complains that the trial judge limited his cross-examination of the sheriff on his knowledge that a John Harlow had the reputation of being a thief and that he had lived there six months before the search. During the jury out hearing, the sheriff said he did not know that Harlow lived there six months earlier.

The court refused to permit this testimony on the ground that a proper foundation had not been laid, saying that counsel could not elicit testimony from the sheriff about the reputation of a third party not involved in the lawsuit. Under the circumstances here, error, if any, was harmless.

### III—Sufficiency of evidence

The appellant and his wife both testified that they had no knowledge of any marijuana or stolen property on the premises; that the stolen property was there when they moved in. The jury accredited the state's witnesses and did not believe the appellant and his witnesses. The jury was warranted in inferring that the contraband found on the premises belonged to appellant. *Armstrong v. State*, 548 S.W.2d 334 (Tenn.Cr.App.1976). Where a defendant is found in possession of recently stolen property, there is an inference of guilty knowledge on the part of the defendant sufficient to support a finding of concealing stolen property. *Bates v. State*, 516 S.W.2d 635 (Tenn.Cr.App.1974).

We find, however, that both convictions for concealing stolen property may not stand. Since the larcenies occurred at different times, there could have been two convictions for those offenses; however, the rule is different as to concealing stolen property. The state offered no proof, direct or circumstantial, to show that McColgan received the items at different times. The possession of the property belonging to Mr. Hatley and the possession of Mr. Mullins' property was but a single transaction and constituted but one offense. The simultaneous possession and conceal-

ment of stolen property belonging to two persons at the same time does not constitute separate offenses. See *Williams v. State*, 216 Tenn. 89, 390 S.W.2d 234 (1965); *Conner v. State*, 531 S.W.2d 119 (Tenn.Cr.App.1975). The judgment for concealing Mr. Mullins' property (No. 1243) is reversed and dismissed.

### IV—Denial of probation

After a hearing in which the trial judge accorded the appellant all of his rights under *Stiller v. State*, 516 S.W.2d 617 (Tenn.1974), the trial judge denied the appellant a suspended sentence. The sheriff testified that his county had a real problem with drug traffic and traffic in stolen property and that requiring the appellant to serve his sentence would deter others from criminal activity. The trial judge based his denial of probation in part on the appellant's lack of remorse and in part as a deterrent to others. We find no error in his denial of a suspended sentence.

Affirmed as to conviction for possession of marijuana (no. 1241) and concealment of stolen property belonging to Elbert Hatley (no. 1242); reversed and dismissed as to concealment of stolen property belonging to Rick Mullins (no. 1243).

TATUM and CORNELIUS, JJ., concur.

### OPINION ON PETITION FOR REHEARING

A petition for rehearing has been filed in this case. It points out no material fact overlooked by the court in reaching its decision. A rehearing will not be granted to permit reargument of matters fully argued. All of the issues the petition discusses were fully considered in the original opinion of the court to which we adhere.

The petition for rehearing is denied.

Mark A. Walker, Presiding Judge
Lloyd Tatum, Judge
Allen R. Cornelius, Jr., Judge