**STATE of Tennessee, Appellee,**

v.

**Jerry W. BLAIR and Mary Parris, Appellants.**

Court of Criminal Appeals of Tennessee, Knoxville.

Feb. 10, 1982.

Permission to Appeal Denied as to Parris May 3, 1982.

James T. Bowman, Johnson City, for appellant Blair.

John T. Milburn Rogers, Greeneville, for appellant Parris.

William M. Leech, Jr., Atty. Gen., Wayne E. Uhl, Asst. Atty. Gen., Nashville, Heiskell H. Winstead, Dist. Atty. Gen., Larry Weems, Asst. Dist. Atty. Gen., Greeneville, for appellee.

## OPINION

BYERS, Judge.

The defendants were each found guilty of possessing a schedule II drug with the intent to sell and possessing a schedule VI drug with the intent to sell. Blair received on the first conviction a sentence of not less than five (5) nor more than seven (7) years in the penitentiary and a fine of five thousand dollars ($5,000.00) and on the second conviction a sentence of not less than two (2) nor more than four (4) years in the penitentiary and a fine of two thousand dollars ($2,000.00). Parris received on the first conviction a sentence of not less than four (4) nor more than six (6) years in the penitentiary and a fine of three thousand dollars ($3,000.00) and on the second conviction a sentence of not less than one (1) nor more than three (3) years in the penitentiary and a fine of one thousand dollars ($1,000.00). The defendants were tried and acquitted of a charge of passing a counterfeit bill.

Both defendants say certain evidence should have been excluded because it was obtained by an illegal search of Blair's vehicle. Blair also challenges the sufficiency of the evidence to support the jury's verdict.

The judgments are affirmed.

At the hearing on the motion to suppress, Officer Jones testified he heard an alert over the police radio for a rust colored 1978 Monte Carlo with Tennessee tag number 17EB90 occupied by a white male and female, who were suspected of passing a counterfeit ten dollar bill at a Captain D's restaurant. Officer Burger stopped a car fitting this description.

When Officer Jones arrived at the scene, Officer Burger was checking the drivers' licenses of the occupants, Blair and Parris. Officer Jones asked Blair to step out of the car, explained the reason for the investigation, and told Blair he needed to check the currency on his person. After Officer Jones found a blue vinyl bag containing a large amount of currency on Blair, Blair told him he had more currency in a billfold in the car. Blair was then placed in the back of Officer Burger's cruiser and Officer Jones followed Parris as she drove Blair's car to the police station.

When they arrived at the police station, Parris was asked to step outside the vehicle and Officer Jones searched the interior of the vehicle. Officer Jones stated he was looking for Blair's billfold. As he was searching the car, he noticed a lump under a throw rug on the floor in front of the passenger seat. Officer Jones lifted the

corner of the rug and saw an envelope with a cellophane window. Through the window he could see the envelope contained large white pills. Without touching the envelope, he replaced the rug.

At the police station Detective Hinkle asked Blair for permission to search the vehicle. Blair refused and Hinkle testified he then obtained a search warrant to search the vehicle for counterfeit money.

Hinkle and other officers searched the vehicle and found 8.7 pounds of marijuana in the trunk, a surgical clamp, and the previously mentioned white pills, which were later identified as methaqualone.

We find the search of Blair's vehicle was not unconstitutional. Therefore, the evidence obtained from Blair's vehicle was admissible.

The Supreme Court in *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981), held "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile."

█ The search of the interior of the vehicle by Officer Jones at the police station after Parris drove it to the station was not an illegal search. Blair and Parris were under a lawful custodial arrest at the time of the search. We do not think the fact the car was searched after Parris drove it to the station rather than being searched on the roadside makes *Belton* inapplicable to this case.

█ Although Officer Jones did not seize the pills at the time he discovered them, we find he had the right to do so, and because he could have seized the pills initially, the later seizure of the pills during the execution of the search warrant was valid.

█ We find the other items seized from Blair's vehicle were admissible because they were taken pursuant to the execution of a valid search warrant. An officer armed with a search warrant describing certain property may seize other property discover-ed during the execution of the warrant when the property discovered is being used in the commission of crime or is contraband. *Jones v. State*, 523 S.W.2d 942 (Tenn.Cr. App.1975).

In this case the officers were searching for counterfeit money as authorized by the warrant when they discovered the contraband. There was no showing they exceeded the scope of the warrant.

The Fourth Amendment only prohibits unreasonable search and seizure. Under the circumstances of this case, the searches were conducted reasonably and were not unlawful.

█ Blair challenges the sufficiency of the evidence by claiming the state did not prove the intent to sell.

The evidence at trial showed and Blair admitted his possession of between eight (8) and ten (10) pounds of marijuana and eighty-five (85) methaqualone pills. Blair testified he was an epileptic and said he had purchased one hundred (100) methaqualone pills to induce sleep after he had epileptic seizures. Blair claims the fifteen (15) missing pills were probably taken by officers during the search. Blair was carrying on his person approximately three hundred forty dollars ($340.00) in small denominations.

T.C.A. § 52–1432(a)(2) approves an inference of intent to sell from the amount of controlled substance possessed by the defendant, along with other facts surrounding the arrest. All conflicts in the testimony are resolved in favor of the state on appeal, and the state is entitled to the strongest legitimate view of the evidence as well as all reasonable or legitimate inferences drawn therefrom. *State v. Cabbage*, 571 S.W.2d 832 (Tenn.1978); *State v. Hatchett*, 560 S.W.2d 627 (Tenn.1978).

We find the evidence in this case was sufficient to support the conviction of possession of controlled substances with the intent to sell. Rule 13(e) T.R.A.P.

WALKER, P. J., and DAUGHTREY, J., concur.