CLYDE GARNER, Plaintiff in Error,

*v.*

STATE OF TENNESSEE, Defendant in Error.

423 S.W.2d 480.

(*Jackson*, April Term, 1967.)

Opinion filed January 5, 1968.

JOE C. DAVIS, Lexington, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, and ROBERT H. ROBERTS, Assistant Attorney General, Nashville; for defendant in error.

DAVID P. MURRAY, District Attorney General, Jackson, prosecuted the case in the trial court.

MR. JUSTICE CRESON delivered the opinion of the Court.

This appeal comes from the Criminal Court of Henderson County. The parties will be referred to herein as they appeared in the lower court; that is, plaintiff in error Clyde Garner as defendant, and defendant in error as the State.

The defendant was convicted of violating the Tennessee liquor law. He was fined $500.00 and sentenced to serve ninety days in jail. The State's proof consisted of testimony of the officers who conducted a search of the defendant's nightclub; and the introduction of the pro-

ceeds of that search—a number of bottles of whiskey and beer.

■ The only question for this Court, on appeal, is whether or not the search warrant used to produce the liquor introduced into evidence was valid.

The defendant urges that the search warrant was invalid, because it failed to describe the person to be searched. Throughout the affidavit, and again in the search warrant, the owner of the premises is referred to as "John Doe," and not as the defendant Clyde Garner. In this respect, it must be noted that the premises were particularly described in the warrant. The defendant's person was never searched; the search being limited to the area inside the club.

In answering the question above commented on, this Court is to say whether or not a warrant for the search of premises is invalid by reason of describing the name of the person owning or operating the place to be searched as "John Doe," when the informant of the officer procuring the warrant knew the name of the actual owner or operator.

So far as the principles of criminal procedure are involved, this issue was faced and answered by the Court in *Seals v. State* (1928) 157 Tenn. 538, 11 S.W.2d 879, as follows:

"(5) It appears from the record that the search warrant contained an accurate description of the premises to be searched, but described the offender as 'John Doe, *alias*,' notwithstanding the officer who procured the warrant knew the name of the plaintiff in error and was seeking to discover evidence of his guilt. The failure of the officer to cause the warrant to be issued

against the plaintiff in error by name is urged as a fatal defect.''

*  *  *  *  *  *

"Since, in the case at bar, there was no search of the person of the plaintiff in error, but only a search of premises occupied by him, the search could not be declared unlawful or in violation of the constitutional rights of the owner, either because of the absence of his name in the warrant or because of an affirmative error in stating his name."

■ That holding was followed in *Robertson v. State* (1949) 188 Tenn. 471, 221 S.W.2d 520; *Renner v. State* (1948) 187 Tenn. 647, 216 S.W.2d 345; and *Collins v. State* (1947) 184 Tenn. 356, 199 S.W.2d 96. Text authorities are also in accord that it is not absolutely necessary to name the owner or occupant of the premises if the search is limited to the place particularly described, and does not include a search of the person. See 4 Wharton's Criminal Procedure, secs. 1553 and 1556 (1957); and 79 C.J.S. Searches and Seizures sec. 81.

■ The defendant attempts to distinguish the *Seals* case from the present case, in that "John Doe, alias" was used in the former, but only "John Doe" in the latter. He urges that without the "alias," John Doe is to be considered the specific person in charge of the premises. It is a matter of common knowledge that when "John Doe" is used in a search warrant, case report, textbook, or other legal document, it refers to an unknown or nonexistent person. The addition of the word "alias" is not essential to convey this meaning.

In the present case, the premises to be searched were particularly described. The defendant's person was not

searched. He was arrested only because he admitted that he was in charge of the premises. Therefore, the warrant was valid, the search was legal, and the evidence obtained pursuant to that search was admissible at the trial.

The judgment of the lower court is affirmed, with the costs of this appeal assessed against the plaintiff in error.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and HUMPHREYS, JUSTICES, concur.