[No. AO17033. First Dist., Div. Four. June 6, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
CATHERINE ANN McCABE, Defendant and Appellant.

**COUNSEL**

Carmen J. Newby for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Eugene Kaster and Laurence K. Sullivan, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**THE COURT.**\*—Catherine McCabe was charged with possession of cocaine for sale (Health & Saf. Code, § 11351) based on cocaine the police found in her purse. Appellant pleaded not guilty. After her motion to suppress evidence was denied, she pleaded guilty to the lesser included offense of possession of cocaine. (Health & Saf. Code, § 11350.) The court placed her on probation on the condition that she serve 12 days in the county jail and that she pay a $1,000 fine. On appeal, the issue is whether the police lawfully seized the cocaine from appellant's purse where they searched the purse under the authority of a search warrant providing for the search of a residence where appellant was visiting at the time of the search.

Frank Luis, Brennan Pang, and Sarah Bush shared a house at 838 Rorke Way in Palo Alto. Luis and Pang sold small amounts of cocaine to an undercover police officer at the residence. The police obtained a search warrant providing for the seizure of cocaine, marijuana, and narcotics paraphernalia on the premises of 838 Rorke Way.

When the police arrived at the house to execute the search warrant, the officer in charge demanded entry, waited 20 to 25 seconds and entered.

---

\*Before Caldecott, P. J., Christian, J., and Poché, J.

Appellant, who was not a resident at 838 Rorke Way, was on the kitchen floor when the police entered. Bush was found hiding in the shower. Pang was found in the living room. The police found appellant's purse on a table in the living room.

One of the police officers opened appellant's purse and found her driver's license and bindles of cocaine. The police also found quantities of cocaine, marijuana, and drug-related paraphernalia in the bedrooms of the residents.

■ Appellant contends that the search of her purse was unlawful because the police may not rely on a search warrant to search the personal effects of a visitor who happens to be present on the premises at the time of the execution of the search warrant. Respondent contends that the search warrant authorized the search of the purse because the police may rely on a search warrant to search anywhere that the contraband which is the object of the search warrant might be concealed.

■ During the execution of a search warrant for fixed premises, the police may lawfully search the personal effects of a resident of the premises subject to search where the personal effects are plausible repositories of contraband. (*People* v. *Saam* (1980) 106 Cal.App.3d 789, 794 [165 Cal.Rptr. 256]). ■ Today we hold that, during the execution of a search warrant, the police may, under specified conditions, lawfully search the personal effects of nonresidents found on the premises subject to search.

■ The police may ordinarily assume that all personal property which they find while executing a search warrant is the property of a resident of the premises subject to search. (*State* v. *Nabarro* (1974) 55 Haw. 583 [525 P.2d 573, 577]). ■ Thus, the police may search any personal property of a visitor which might serve as a plausible repository of the contraband which is the object of the search where they have no knowledge of the fact that the item searched is the personal property of a visitor. (*Id.*) If the police have actual knowledge that the property which is searched belongs to a nonresident, however, they may not, as a general rule, rely on the authority conferred by a search warrant to conduct a warrantless search of the nonresident's property, even though it is a plausible repository of contraband. (*Id.*; 2 LaFave, Search and Seizure (1978) Search Warrants, § 4.10(b), p. 154.). ■ When the police know that the personal effects found on the property belong to a nonresident, the police may rely on the authority of the search warrant to conduct a search of the personal effects of the nonresident only if someone within the premises has had an opportunity to conceal contraband within the personal effects of the nonresident immediately prior to the execution of the search warrant. (*United States* v. *Johnson*

(D.C. Cir. 1973) 475 F.2d 977, 979; 2 LaFave, Search and Seizure, *supra,* at p. 157.)

■ In the present case, the police officers referred to no facts which would have led them to believe that the occupants had concealed contraband in the purse immediately prior to entry. Thus, the search of the purse was lawful only if the police had no knowledge that the purse was the property of a nonresident.

Given the circumstances leading up to the search of the purse, the police knew of no facts which would have put them on notice that the purse belonged to a nonresident. The police officers were not told by appellant that the purse belonged to her. Appellant did not have possession of the purse at the time the police entered the house, nor did she subsequently take possession of the purse. (Cf. *State* v. *Nabarro, supra,* 525 P.2d at p. 577.) Moreover, the police were not compelled to infer from the fact that Luis and Pang, two males, were the suspects in the case that a purse, typically a woman's accessory, was beyond the permissible scope of the search warrant. The police knew that three people shared the premises subject to search: two men and a woman, Sarah Bush. The police could have reasonably assumed that the purse belonged to Bush, thereby bringing it within the scope of the search warrant. (Cf. *State* v. *Nabarro, supra,* 525 P.2d at p. 577). In the absence of any facts to suggest that the police knew that appellant owned the purse, the search of the purse did not exceed the permissible scope of the search warrant.

The judgment is affirmed.

Appellant's petition for a hearing by the Supreme Court was denied August 18, 1983.