FILED
United States Court of Appeals
Tenth Circuit

June 4, 2009

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ROBERT HARRISON,

      Defendant-Appellant.

No. 08-8034

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING
(D.C. No. 2:07-CR-00139-WFD-1)**

---

Ian Sandefer, Krampner, Fuller & Associates, L.L.C. (Michael J. Krampner, with him on the briefs), Casper, Wyoming, for Defendant-Appellant.

Stephanie I. Sprecher, Assistant United States Attorney (Kelly H. Rankin, United States Attorney, with her on the brief), Casper, Wyoming, for Plaintiff-Appellee.

---

Before **HENRY**, Chief Judge, **McKAY** and **McCONNELL**, Circuit Judges.

---

**HENRY**, Chief Judge.

---

Following the execution of a search warrant for Robert Harrison's home and computer, a grand jury indicted Mr. Harrison on charges of receipt and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(2), (b)(1),

(a)(5)(B), and (b)(2).  Mr. Harrison filed a motion to suppress the fruits of the search warrant, contending that the affidavit submitted in support of the warrant impermissibly relied on "unnamed sources" and "deliberately ambiguous," "equivocal" and "stale" "third party information."  Aplt's App. at 38-40.  The district court denied the motion, concluding that the issuing magistrate relied on "pooled information" in making its determination, which was properly considered in making a finding of probable cause.  *Id*.  Because executing officer Randy Huff, Special Agent of the Wyoming Division of Criminal Investigation, relied on the search warrant in good faith, we affirm.

**✳✳✳**

Upon the denial of his motions to suppress,[1] Mr. Harrison entered a conditional plea of guilty to one count of receipt of child pornography.  On appeal, he argues that the affidavit in support of the search warrant "had severe problems with veracity, reliability and foundational facts," which are insufficient to support a finding of probable cause, and that the absence of probable cause is so egregious that the good faith exception articulated in *United States v. Leon*, 468 U.S. 897 (1984), does not apply.  Aplt's Br. at 7.

We need not address Mr. Harrison's probable cause arguments because, as

---

[1]  Mr. Harrison moved to suppress the items seized pursuant to the warrant on June 27, 2007.  The district court denied the motion on August 29, 2007.  Mr. Harrison renewed his motion to suppress on January 22, 2008.

2

the Supreme Court held in *Leon*, reviewing courts may "reject suppression motions posing no important Fourth Amendment questions by turning immediately to a consideration of the officers' good faith." 468 U.S. at 925; *see also United States v. Bishop*, 890 F.2d 212, 216 (10th Cir. 1989) ("[R]esolution of whether there was probable cause supporting the warrant is not necessary to our decision affirming the district court's denial of defendant's suppression motion because, as discussed below, the agents' conduct clearly falls within the 'good faith exception' to the exclusionary rule."). A defendant challenging a search pursuant to a warrant has the burden of proof. *United States v. Carhee*, 27 F.3d 1493, 1496 (10th Cir. 1994).

"The first notion to be remembered in considering the good faith principle is the presumption created in *Leon* that when an officer relies upon a warrant, the officer is acting in good faith." *United States v. Cardall*, 773 F.2d 1128, 1133 (10th Cir. 1985). This presumption, though not absolute, "must carry some weight." *Id*.; *see also Leon*, 468 U.S. at 922 ("Searches pursuant to a warrant will rarely require any deep inquiry into reasonableness, for a warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search.") (internal quotations and citations omitted).

"It is only when [an executing officer's] reliance was *wholly unwarranted* that good faith is absent." *Cardall*, 773 F.2d at 1133 (emphasis added); *United*

*States v. Medlin*, 798 F.2d 407, 409 (10th Cir. 1986) (finding officers' reliance on warrant was objectively reasonable because warrant affidavit was not devoid of facts); *United States v. Wright*, 791 F.2d 133, 135 (10th Cir. 1986) (concluding that where the affidavit was not "devoid of factual support," officers who executed the search warrant were "entitled to rely in good faith upon the decision of that magistrate as provided in *Leon* and *Cardall.*"); *see also Herring v. United States*, 129 S. Ct. 695, 702 (2009) ("[S]ince *Leon*, we have never applied the [exclusionary] rule to exclude evidence obtained in violation of the Fourth Amendment, where the police conduct was [merely negligent].").

Obviously, the good faith presumption is not without limits. An officer who knows or should have known that a search warrant was invalid may not rely upon the good faith exception to immunize his subsequent seizure of evidence. *Leon*, 468 U.S. at 919 ("If the purpose of the exclusionary rule is to deter unlawful police conduct, then evidence obtained from a search should be suppressed only if it can be said that the law enforcement officer had knowledge, or may properly be charged with knowledge, that the search was unconstitutional under the Fourth Amendment.") (quoting *United States v. Peltier*, 422 U.S. 531, 542 (1975)).

It is undisputed that "a law enforcement agent's opinion, based upon his professional expertise, that evidence of illegal activity will be found in the place to be searched, is entitled to consideration in our determination of whether

4

probable cause existed at the time a warrant issued." *United States v. Mathis,* 357 F.3d 1200, 1205 (10th Cir. 2004). Mr. Harrison challenges Agent Huff's affidavit, while singing praises of his expertise: "[H]e has over two decades of law enforcement experience, special training in the use of computers to commit crimes of child exploitation, and he has personally written or participated in hundreds of search warrants in Wyoming." Aplt's Br. at 25. Yet Agent Huff's affidavit contains much more than a "bare bones" statement, *Leon*, 468 U.S. at 915, but is supported by Agent Huff's factual testimony linking Mr. Harrison's internet protocol address with two separate offerings of unlawful files containing a digital signature identified with 99.99% certainty. *See* Aplt's App. at 31-33.

We see nothing in the record indicating that Agent Huff would have had any reason to believe the affidavit was constitutionally infirm or even questionable. Given the strong presumption in favor of warrant searches, the "great deference" accorded to a magistrate's probable cause determination, *Illinois v. Gates*, 462 U.S. 213, 237 (1983), and the fact that the warrant affidavit was not "devoid of factual support," *Wright*, 791 F.2d at 135, we conclude that a reasonable officer in Agent Huff's shoes would have assumed the search was valid.

For the foregoing reasons, we **AFFIRM** the district court's denial of Mr. Harrison's motion to suppress and **AFFIRM** Mr. Harrison's conviction.