FILED
United States Court of Appeals
Tenth Circuit

July 9, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAMES DERAY SMITH,

    Defendant - Appellant.

No. 12-6307
(D.C. No. 5:12-CR-00076-HE-3)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

James Deray Smith appeals the district court's denial of his motion to suppress.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

On the night of January 31, 2012, an individual called the Cotton County, Oklahoma sheriff to report a strong chemical odor in the air. The individual lived near Smith, whose property was located close to the intersection of U.S. Highway 70 and County Road 2710. Smith's mailing address was Rural Route 1, Box 13, Hastings, Jefferson County, Oklahoma. Undersheriffs Tim King and David Johnson drove by Smith's property and confirmed that there was an odor of a chemical mixture used in the manufacture of methamphetamine, which appeared to be coming from an outbuilding on Smith's property. Three law enforcement officers set up surveillance around the Smith property, and King called Deputy Connie Davis and had her begin the process of obtaining a search warrant for Smith's property.

The search warrant was issued after midnight on February 1, 2012. It permitted a search of Smith's property, stating that there was probable cause to believe methamphetamine and items used to facilitate its use or manufacture were located on the property. Deputy Davis provided two affidavits in support of the warrant. The first described the location of the residence to be searched as located at Rural Route 1, Box 18, Hastings, Cotton County, Oklahoma. It also provided step-by-step driving directions to the residence and described the place to be searched as a:

> single story white wood frame structure with a [w]hite metal roof. The residence runs lengthwise north and south. The front door faces the west. On the south side of the residence is an entrance into the residence. Also

on the property are two outbuildings, several vehicles and farming equipment and trailers.

The second affidavit described the cause for the search. It stated that on January 31, 2013, King and Johnson drove by the residence described above and "detected a[] very strong order of Anhydrous Ammonia and Ether." It also noted "King's training experience with methamphetamines labs," and stated that several deputies were monitoring the residence until a warrant could be secured.

After a search of the property revealed evidence of methamphetamine manufacturing, Smith was charged with manufacturing and possessing methamphetamine with the intent to distribute, both in violation of 21 U.S.C. § 841(a)(1). Smith filed a motion to suppress. The district court denied the motion, concluding that the good faith exception to the exclusionary rule applied. Smith entered a conditional plea, reserving the right to appeal the suppression order. He was sentenced to eighty-seven months' imprisonment. Smith timely appealed the denial of his suppression motion.

## II

A denial of a motion to suppress is reviewed de novo. United States v. McGehee, 672 F.3d 860, 866 (10th Cir. 2012). We view the evidence in the light most favorable to the government and accept the district court's factual findings unless they are clearly erroneous. Id.

A valid search warrant must be supported by probable cause, which requires that

the "totality of information" contained by supporting affidavits "establishes the fair probability that contraband or evidence of a crime will be found in a particular place." United States v. Roach, 582 F.3d 1192, 1200 (10th Cir. 2009) (quotation omitted). "Under the exclusionary rule, the government may not introduce into evidence tangible materials seized during an unlawful search or testimony concerning knowledge acquired during an unlawful search." United States v. Henderson, 595 F.3d 1198, 1201 (10th Cir. 2010) (quotation and alterations omitted). However, "[i]f law enforcement could have acted in objective good faith in executing a warrant . . . the exclusionary rule does not apply." Id. at 1201 (citing United States v. Leon, 468 U.S. 897, 921-23 (1984)).

"We presume an officer's acts to be in objective good faith when supported by a warrant. This presumption, however, is not absolute." Henderson, 595 F.3d at 1201 (citation omitted). In Leon, the Supreme Court noted several situations in which the good faith exception does not apply, including situations where the affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," and the warrant is "so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid." 468 U.S. at 923 (quotation omitted).

Smith argues that the warrant was facially deficient because it failed to list the correct address and thus failed to sufficiently particularize the place to be searched. "The test for determining the adequacy of the description of the location to be searched is

-4-

whether the description is sufficient to enable the executing officer to locate and identify the premises with reasonable effort, and whether there is any reasonable probability that another premise might be mistakenly searched." Harman v. Pollock, 446 F.3d 1069, 1078 (10th Cir. 2006) (quotation omitted).

We conclude that the description in the warrant was sufficient under this test. The address listed on the affidavit was incorrect in that it listed the wrong postal box number and the wrong county. However, the box numbers refer to postal box locations and not actual locations of residences. Moreover, the search warrant provided a thorough description of the location to be searched. The detailed directions to the residence provided in the search warrant were also correct. In addition, there was no reasonable possibility that the wrong location would be searched because the search warrant was clear: deputies continued to monitor the scene as they awaited issuance of the warrant.

Smith also argues that the good faith exception does not apply because the warrant was lacking sufficient indicia of probable cause. We reject this contention. "Reliance is entirely unreasonable only if the affidavit submitted in support of the warrant is devoid of factual support." Henderson, 595 F.3d at 1201-02 (quotations and emphasis omitted). The warrant described "a[] very strong odor of Anhydrous Ammonia and Ether" and King's "training experience" in the area of methamphetamine manufacturing. Given these facts, we conclude that the warrant was not "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," Leon, 468 U.S. at 923

(quotation omitted), and therefore the good faith exception applies.

Finally, even if an affidavit has some factual support, law enforcement may not benefit from the good faith exception if he or she "knows or should have known that a search warrant was invalid." United States v. McKneely, 6 F.3d 1447, 1455 (10th Cir. 1993). "As a result, prior court decisions resting on functionally identical facts can put law enforcement on notice that an affidavit is insufficient to establish probable cause." Henderson, 595 F.3d at 1202. Smith argues that Simpson v. Bellah, No. 01-1167 (W.D. Okla. Aug. 28, 2002), is factually similar. See also Simpson v. Bellah, 69 Fed. App'x 430, 431 (10th Cir. 2003) (unpublished) (holding that district court's denial of qualified immunity on summary judgment was not appealable after trial). In Simpson, a search warrant also described the smell of "ether and anhydrous ammonia," yet a jury held in favor of the individual whose premises were searched in a 42 U.S.C. § 1983 action for a Fourth Amendment violation. However, the alleged Fourth Amendment violation stemmed from the use of false information to obtain the warrant. Simpson, 69 Fed. App'x at 430. Moreover, this court has approved a warrant based on the officers' detection of "a strong chemical odor . . . only associated with the manufacturing of methamphetamine." United States v. Windrix, 405 F.3d 1146, 1152 (10th Cir. 2005).

**III**

For the foregoing reasons, we **AFFIRM** the district court's denial of Smith's motion to suppress.

Entered for the Court

Carlos F. Lucero
Circuit Judge