**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 18, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GREGORY LYNN HOPSON,

    Defendant - Appellant.

No. 15-1005
(D.C. No. 1:12-CR-00444-LTB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

Gregory Hopson appeals the district court's denial of his motion to suppress. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

Following an investigation into the distribution of child pornography, Special Agent Melissa Coffey applied for a search warrant for an address in Westminster, Colorado. Coffey attested to the following information in an affidavit submitted in support of the warrant application.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

As part of a separate investigation, a special agent in Virginia identified several email addresses that had sent or received images of child pornography. One such account, a Yahoo address referred to in the briefing as the "anniegirl" account, exchanged emails including child pornography in February and March of 2010. In response to a subpoena, Yahoo provided law enforcement with IP address information[1] showing that the anniegirl account was logged into on a regular basis from January 2010 to March 11, 2010. The account was deleted in March 2010 and recreated in January 2011.

Paragraph 60 of the affidavit states that "two IP addresses were used for two different emails" sent on March 2 and March 11, 2010. The following paragraph states that someone logged into the anniegirl account on March 2 and March 11, 2010, using the same two IP addresses, and that the IP addresses were owned by Qwest Communications (the internet service provider). A subpoena was issued to Qwest, which responded that the IP addresses at the relevant times and dates were assigned to a subscriber named "Greg Hopsin" at the Westminster address for which Coffey sought the warrant.

A subsequent law enforcement database search identified Hopson as a registered sex offender who pled guilty to sexual assault on a child while in a

---

[1] "An IP address is a unique number identifying the location of an end[-]user's computer. When an end-user logs onto an internet service provider, they are assigned a unique IP number that will be used for that entire session. Only one computer can use a particular IP address at any specific date and time." United States v. Henderson, 595 F.3d 1198, 1199 n.1 (10th Cir. 2010) (quotation and alterations omitted).

position of trust in February 2000. His probation officer indicated that Hopson was permitted to visit his "girlfriend or wife" at the Westminster address as long as their five-year old daughter was not present during the visit. Agents conducting surveillance subsequently observed a man who appeared to be Hopson enter the residence, followed several hours later by an adult woman and a young girl.

The body of the affidavit concludes with an incomplete sentence in paragraph 78(G): "Based on the texts of the emails reviewed, the fact that Hopson is a registered sex offender for sex assault on a child, based on his self-proclaimed intimate knowledge with many images of child pornography, including knowledge about which images were 'original' and 'private,' there [. . . .]"

Finding probable cause, a magistrate judge issued the search warrant. The ensuing search revealed a computer and several CDs containing child pornography. Hopson was charged with production, transportation, receipt, and possession of child pornography. He unsuccessfully moved to suppress the evidence seized from the Westminster home. Hopson then pled guilty to two counts of transportation of child pornography and one count of possession, preserving his right to appeal the suppression ruling. The district court sentenced him to 420 months' imprisonment. He now appeals the denial of his motion to suppress.[2]

---

[2] This appeal could be considered untimely. Hopson filed a notice of appeal sixteen days after the district court entered its original judgment, but two days after it entered an amended judgment. See Fed. R. App. P. 4(b)(1)(A)(i) (establishing a fourteen-day deadline). The government does not seek dismissal; it asks this court to proceed on the merits. See United States v. Randall, 666 F.3d 1238, 1241 (10th Cir.

## II

In reviewing a district court's denial of a motion to suppress, we "view[] the evidence in the light most favorable to the government and uphold[] the district court's factual findings unless clearly erroneous." United States v. Mullikin, 758 F.3d 1209, 1210 (10th Cir. 2014) (quotations omitted). We review "de novo the district court's legal determinations relating to the sufficiency of a search warrant." Id. (quotation omitted). "An affidavit establishes probable cause for a search warrant if the totality of the information it contains establishes the fair probability that contraband or evidence of a crime will be found in a particular place." United States v. Soderstrand, 412 F.3d 1146, 1152 (10th Cir. 2005) (quotation omitted).

If "a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause," a search warrant "must be voided and the fruits of the search excluded." Franks v. Delaware, 438 U.S. 154, 155 (1978). "The standards of deliberate falsehood and reckless disregard set forth in Franks apply to material omissions, as well as affirmative falsehoods." United States v. McKissick, 204 F.3d 1282, 1297 (10th Cir. 2000). To determine materiality, we assess whether probable cause would exist if omitted facts were included and misstatements were removed from the affidavit. United States v. Herrera, 782 F.3d 571, 575 (10th Cir. 2015).

2011) ("[A] timely appeal in a criminal case is not jurisdictional . . . ."). We accordingly proceed to the merits regardless of timeliness.

Hopson argues that the affidavit contained two false statements and made one omission. First, he notes that paragraph 60 incorrectly states that emails were sent from IP addresses associated with the Westminster address. The government concedes that this statement is erroneous. The information Yahoo provided establishes only that IP addresses associated with the Westminster residence were used to log into the anniegirl account—as correctly stated in paragraph 61 of the affidavit—but does not establish that any particular email was sent from those IP addresses. Second, Hopson argues that paragraph 78(G), which contains an incomplete sentence, similarly implies that particular emails were traced to the Westminster IP addresses. Third, Hopson contends that the affidavit improperly omits information about other IP addresses associated with the anniegirl account. He notes that a Yahoo login file showed hundreds of logins to the anniegirl account resolving to locations other than the Westminster residence and that the IP addresses for the March 2 and March 11, 2010 emails resolved to a company in Virginia.[3] We agree with the district court that even if we discount the erroneous statements in paragraphs 60 and 78(G), and include information about other IP addresses associated with the anniegirl account, the facts contained in a hypothetical corrected affidavit are sufficient to establish probable cause. See id. (a "contested

---

[3] Hopson claims that the IP addresses are associated with a user in Sterling, Virginia. However, the record demonstrates that they resolve to a company located in Virginia named Sterling Security Research, Inc. The government maintains that this company helps people engage in anonymous internet activities.

misstatement or omission can be dismissed as immaterial" if "a warrant would have issued in a but-for world where the attesting officer faithfully represented the facts").

Ignoring paragraphs 60 and 78(G), the affidavit nevertheless establishes that someone sent child pornography from the anniegirl account in February and March 2010, including three images sent on March 2, and that someone logged into the anniegirl account from IP addresses associated with the Westminster residence on March 2 and 11. These undisputed facts established that there was a "fair probability" that criminal evidence would be found at the Westminster residence. Soderstrand, 412 F.3d at 1152. Further, that fair probability would not be undermined by the additional information Hopson complains was omitted. The complete Yahoo login file would have shown that the vast majority of logins to the anniegirl account were not associated with the Westminster address, and in particular that a user logged into the account from Virginia three minutes after a user logged in from Westminster. But as the district court recognized, this disparity could result from the use of a proxy server, see United States v. Vosburgh, 602 F.3d 512, 527 n.14 (3d Cir. 2010) (proxy software allows individuals to mask their IP addresses), and thus would not counteract probable cause to search the Westminster property.[4]

---

[4] The affidavit also omitted information that the registered user of the anniegirl account was a Philippine resident. However, that registered user did not log in until January 2011, when the anniegirl account was reopened eleven months after it had been deleted in March 2010. As the affidavit explained, this sequence of events may indicate that a different person used the same email identifier. The Philippine logins are thus immaterial.

Accordingly, we conclude that the district court properly denied Hopson's motion to suppress.[5]

In addition to challenging the affidavit's accuracy, Hopson argues that the district court should not have found that his guilty plea in 2000 to sexual assault on a child while in a position of trust supported probable cause. He cites United States v. Falso, 544 F.3d 110 (2d Cir. 2008), in which the court held that an eighteen-year-old conviction for endangering the welfare of a child was at best marginally relevant in a warrant application seeking evidence of child pornography. Id. at 122-23. He also invokes Virgin Islands v. John, 654 F.3d 412 (3d Cir. 2011), in which the court held that evidence showing the defendant had sexually assaulted a child did not establish probable cause to search for child pornography. Id. at 418-19. But in those cases, the only evidence supporting probable cause for child pornography was evidence of prior child molestation. See Falso, 544 F.3d at 121 (rejecting information in the affidavit other than prior conviction before holding the conviction was also insufficient); John, 654 F.3d at 419 (affidavit contained "not a single assertion that [defendant] was in any way associated with child pornography"). In contrast, as

---

[5] Hopson argues the district court erred in denying his request for a Franks hearing. 438 U.S. 155-156 (hearing required if defendant makes substantial showing that a material false statement was included in the warrant affidavit). This court has not decided the standard of review for the denial of a Franks hearing. See United States v. Cooper, 654 F.3d 1104, 1128 (10th Cir. 2011) (noting that other circuits use either the clear error or de novo standard). Regardless of the proper standard of review, we conclude that Hopson was not entitled to a hearing because he failed to make a "substantial showing that . . . the affidavit, purged of its falsities, would not be sufficient to support a finding of probable cause." United States v. Kennedy, 131 F.3d 1371, 1376 (10th Cir. 1997).

discussed above, Coffey's affidavit contains evidence demonstrating a fair probability that evidence of child pornography would be found at the Westminster residence. Against this backdrop, the district court properly considered Hopson's prior conviction as part of the totality of the circumstances. See United States v. Artez, 389 F.3d 1106, 1114 (10th Cir. 2004) (prior convictions, combined with other factors, can help to establish probable cause).[6]

## III

For the foregoing reasons, we **AFFIRM**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[6] Hopson advances a number of arguments that merit only brief discussion. He contends that paragraphs 60 and 61 are facially irreconcilable. We disagree. The paragraphs together state that the logins alleged in paragraph 61 and the emails alleged in paragraph 60 occurred on the same days. These facts are not irreconcilable.

He also argues that even if the corrected affidavit provided probable cause, he should prevail because the incorrect and omitted statements in the affidavit manifest a reckless disregard for the truth. Because the misstatements and omissions did not vitiate probable cause, the district court properly denied Hopson's motion to suppress. See Franks, 438 U.S. at 155.

Lastly, Hopson contends the affidavit failed to establish the interstate commerce nexus required by 18 U.S.C. §§ 2252, 2252A. This argument is waived. Hopson did not raise the issue in the suppression hearing—an omission for which he does not assert cause. See United States v. Banks, 451 F.3d 721, 727-28 (10th Cir. 2006). Hopson contests waiver on the ground that the interstate commerce nexus is jurisdictional. However, an interstate commerce element "is not jurisdictional in the sense that it affects a court's subject matter jurisdiction," United States v. Tush, 287 F.3d 1294, 1297 (10th Cir. 2002).