**UNITED STATES COURT OF APPEALS**

**April 6, 2018**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GREGORY LYNN HOPSON,

Defendant - Appellant.

No. 17-1395
(D.C. Nos. 1:17-CV-01319-LTB and
1:12-CR-00444-LTB-1)
(D. Colo.)

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

Before **BACHARACH**, **MURPHY,** and **MORITZ**, Circuit Judges.

Defendant, Gregory Lynn Hopson, seeks a certificate of appealability

("COA") so he can appeal the district court's denial of the motion to vacate, set

aside, or correct sentence he brought pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C.

§ 2253(c)(1)(B) (providing a movant may not appeal the denial of a § 2255

motion unless he first obtains a COA). Because Hopson has not "made a

substantial showing of the denial of a constitutional right," this court **denies** his

request for a COA and **dismisses** this appeal. *Id*. § 2253(c)(2).

Hopson pleaded guilty to two counts of transportation of child pornography

and one count of possession of child pornography. Pursuant to the terms of a

written plea agreement, Hopson reserved the right to appeal the denial of a motion

to suppress evidence. On direct appeal, this court affirmed the denial of Hopson's suppression motion. *United States v. Hopson,* 643 F. App'x 694, 697 (10th Cir. 2016).

Hopson then filed the instant § 2255 motion asserting the following claims: (1) his trial counsel was ineffective for failing to "correctly litigate Fourth Amendment issues," (2) this court's conclusion the search warrant was supported by probable cause involved an "unreasonable determination of facts in light of the evidence presented" and a deprivation of his due process rights,[1] (3) this court "create[d] hypothetical facts" when it affirmed the denial of his motion to suppress, and (4) the government failed to disclose exculpatory evidence. The district court denied Hopson's motion in a comprehensive order. Applying the two-part test set out in *Strickland v. Washington*, 466 U.S. 668, 688-89 (1984), the court analyzed all of Hopson's ineffective assistance of counsel claims and concluded they lacked merit. As to Hopson's claims challenging this court's rulings in his direct appeal, the district court concluded those claims were not cognizable in a § 2255 motion seeking post-conviction relief. The court also ruled that Hopson was not entitled to relief under *Brady v. Maryland*, 373 U.S. 83 (1963). Hopson's argument challenged time stamps referenced in the search warrant affidavit. He alleged the government failed to disclose that those time

---

[1]In his § 2255 motion, Hopson states he raised this issue in a petition for rehearing filed in this court but he does not state he sought a writ of certiorari from the United States Supreme Court.

stamps were associated with email account log-ins, not the sending of specific emails. The district court concluded this "evidence" was not withheld exculpatory evidence and the inconsistency was admitted by the government in its response to Hopson's motion to suppress.

This court cannot grant Hopson a COA unless he can demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether Hopson has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Hopson is not required to demonstrate his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Hopson's appellate brief, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes Hopson is not entitled to a COA. The district court's resolution of Hopson's claims is not reasonably subject to debate and the claims are not adequate to deserve further proceedings. Accordingly, Hopson has not "made a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2). This court **denies** his request for a COA and **dismisses** this appeal. Hopson's motion to proceed *in forma pauperis* on appeal is **granted**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge